## JOHN W. CAMPBELL AND OTHERS v. G. D. LENZEN AND ANOTHER.[1]

December 1, 1939.

No. 32,246.

*A. E. Haering, Smith & Whitacre,* and *I. E. Krawetz,* for appellants.

*John J. Fahey,* for H. G. Lenzen, respondent.

LORING, JUSTICE.

This case comes here upon an appeal from an order denying the plaintiffs' motion for a new trial after the court had made findings of fact, conclusions of law, and order for judgment in favor of the defendant H. G. Lenzen, whom the plaintiffs sought to hold as an accommodation endorser on a promissory note for $1,672,

[1]Reported in 288 N. W. 833.

dated January 6, 1931, and signed by the respondent, H. G. Lenzen, and his son, G. D. Lenzen. The latter pleaded a discharge in bankruptcy when suit was brought against both defendants, and the former defaulted but succeeded in opening up the default and interposing an answer which pleaded that he had signed the note without consideration and that the cause of action against him had not accrued within six years of bringing the suit. The trial court found in favor of the respondent on both issues, and the plaintiffs have assigned error on both those findings on the ground that the evidence is conclusive against respondent. Plaintiffs also assign error in denying their motion on the ground of newly discovered evidence.

■ The question of whether the statute of limitations, 2 Mason Minn. St. 1927, § 9191(1), had run before the commencement of the action depends upon whether a payment of $100 had been made upon the note June 1, 1932. A previous payment had been made on April 10, 1931, but the respondent denied having made the payment in 1932. There was no contention that this payment had been made by anyone other than respondent. The evidence of the plaintiffs at the trial that they had received the June check from respondent was very persuasive but not conclusive. The bookkeeper testified to the receipt of the check and was corroborated by the entries she testified she had made at the time. The respondent emphatically denied this payment. Thus a question of fact was presented, and consequently we cannot upset the trial court's finding that the statute of limitations had run. The affidavits presented on the motion for new trial on the ground of newly discovered evidence greatly strengthened the plaintiffs' position, but that evidence is not before us on the merits of the issue of the statute of limitations since it was not before the court on the trial.

■ The evidence of the bank records which showed the deposit of the check in controversy by plaintiffs and its transmission for collection by the bank would have been very persuasive if it had been presented on the trial and would have been very likely to change the court's finding as to the payment, but the excuse made

for not producing it was the misapprehension of the plaintiffs as to whether banks kept records of checks transmitted for collection. The court was justified in denying the motion for new trial on the ground of newly discovered evidence on account of lack of diligence in failing to discover this evidence in time for the trial.

■ Nor after the answer set up the running of the statute could the plaintiffs successfully claim surprise in not expecting that the June payment would be denied. We cannot disturb the trial court's discretion in this regard.

In view of our holding on the statute of limitations, we need not discuss the question of lack of consideration.

Order affirmed.